Plaintiff alleged that prior to April, 1909, he was employed by the defendant to sell a piece of property belonging to her for the sum of $30,000, and that in the said month of April he obtained and procured a purchaser ready, able, and willing to purchase said property for the price named.   There is no pretense that the plaintiff or any one else procured a purchaser for defendant's property at the sum named.   On the contrary, it appeared that the property was sold for $23,000.   As the complaint alleges a contract of employment to sell only at a specific price, and the performance of that contract, while the evidence wholly fails to establish it, the motion for a nonsuit should have been granted.

Beyond that, the evidence fails to establish that plaintiff's efforts were the procuring cause of the sale made by the defendant of her property.   He testifies that in March, 1908, defendant told him that her property was for sale, and that in April of that year he communicated that fact to Emily McAndrew.   That is all, according to his testimony, he ever did toward effecting a sale of the property.   Mrs. McAndrew testifies that before the plaintiff told her of it she knew that defendant's property was in the market for sale, and that at that time she did not wish to purchase the property, but to rent it, and that she was informed that defendant's property was not for rent.   Nothing further was done until February, 1909, when, according to the undisputed testimony in the case, the matter of purchase was taken up between her and the defendant through the agency of her brother, and finally a contract was entered into by which the defendant agreed to sell and Mrs. McAndrew agreed to purchase the property for the sum of $23,000.   Even if the complaint were properly framed, the evidence wholly fails to establish by a fair preponderance thereof that the plaintiff had anything to do with bringing the minds of the seller and purchaser together.

The judgment and order of the County Court of Richmond county should be reversed, and a new trial ordered; costs to abide the event.

---

In re FIFTY-NINTH STREET, BETWEEN EAST RIVER AND AVENUE A, IN CITY OF NEW YORK.

In re BARRY.

(Supreme Court, Appellate Division, First Department.   May 27, 1910.)

1. EMINENT DOMAIN (§ 160*)—AWARD—APPLICATION FOR PAYMENT—NOTICE.
      On motion for an order directing the chamberlain of the city of New York to pay over money awarded in condemnation proceedings, notice must be given to all who appear from the record to be entitled to any part of the award, which would include, the person to whom the award was made being dead, his heirs at law, next of kin, and mortgagees.
      [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 160.*]

2. EMINENT DOMAIN (§ 160*)—AWARD—APPLICATION FOR PAYMENT—SUFFICIENCY.
      Where an application for an order directing the chamberlain of the city of New York to pay over money awarded in condemnation proceed-

_*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes_

ings did not contain a certificate of the chamberlain that the amount of the award had been deposited with him, the papers were irregular.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 160.*]

In the matter of the application of the City of New York, relative to lands, etc., on Fifty-Ninth Street, between the East River and Avenue A, for bridge purposes. Heard on motion of Garrett Barry, as administrator, for an order directing the chamberlain of the city of New York to pay over the award. Motion denied, with leave to renew.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, CLARKE, and DOWLING, JJ.

Joseph H. Fargis, for petitioner.
Archibald R. Watson, Corp. Counsel, for the City.

PER CURIAM. Notice of this application must be given to all those who appear from the record to be entitled to any part of this award, which would include the other heirs at law or next of kin of Dugan, to whom the award was made, and the mortgagees, who are entitled to receive a portion of the proceeds. The papers are irregular, in not containing a certificate of the chamberlain that the amount of the award has been deposited with him.